# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Don Boardwine,**
**Plaintiff Below, Petitioner**

**FILED**

November 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 13-0067** (Kanawha County 12-C-1912)

**Kanawha Charleston Humane Association,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Don Boardwine, appearing *pro se*, appeals the order of the Circuit Court of Kanawha County, entered December 18, 2012, that granted respondent's motion to dismiss petitioner's civil action for a lack of standing to bring his claims. The circuit court also noted petitioner's failure to appear for the hearing on the motion. Respondent Kanawha Charleston Humane Association, by counsel David J. Mincer and Michael W. Taylor, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons expressed below, the decision is reversed and this case is remanded for further proceedings. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On September 20, 2012, petitioner filed the following complaint against respondent:

> [Petitioner] paid for the adoption of a diseased dog on September 20, 2010. The animal was tested and treated for Parvo within 24 hours of purchase.[1] [Respondent] offered no refund. I was put in the position to loose [sic] the purchase price and the purchase if I had not paid for the medical cost of the Parvo treatment $441.00. I am asking the court to make [Respondent responsible] for reimbursement of the medical cost and to stop adopting out diseased animals.

---

[1] Parvo is "a highly contagious febrile disease of dogs that is caused by a parvovirus . . . and that is marked by loss of appetite, lethargy, often bloody diarrhea and vomiting, and sometimes death." *Dombrowski v. Lumpkin County*, Civil Action No. 2:11–CV–0276–RWS–JCF, 2013 WL 2099137, at *2 n. 2 (N.D. Ga. March 21, 2013) (magistrate's report and recommendation) (quoting Merriam–Webster's Collegiate Dictionary 846 (10th ed. 2002)).

1

On November 2, 2012, respondent moved to dismiss petitioner's complaint. On November 15, 2012, respondent noticed a hearing on its motion to dismiss "before the Honorable James C. Stucky on **December 11, 2012, at 9:30 a.m.** (emphasis in original)." The notice of hearing gave no information as to where the hearing was to occur.

Respondent appeared for the December 11, 2012 hearing, but petitioner did not. After having the bailiff call petitioner's name three times in the hallway, the circuit court proceeded with the hearing. Respondent argued that petitioner did not have standing to bring his claim for reimbursement of the $441 veterinary fee because his complaint did not sufficiently allege that he was the owner of the diseased dog. Respondent further argued that petitioner also did not have standing to bring his claim for an injunction to prevent the adoption of diseased dogs because, in making that claim, petitioner was asserting the rights of non-parties. The circuit court accepted respondent's argument and instructed respondent's counsel to prepare an order granting its motion to dismiss.

A short time after the conclusion of the December 11, 2012 hearing, petitioner appeared in the courtroom. According to petitioner, he explained to the court that the November 15, 2012 notice of hearing did not inform him of where the hearing was to occur and, therefore, he was on the wrong floor of the Kanawha County Judicial Annex at the time of the hearing. Petitioner later wrote the circuit court an apology for exhibiting boorish behavior when he appeared in the courtroom on December 11, 2012.

The circuit court entered its order granting respondent's motion to dismiss on December 18, 2012. The circuit court noted petitioner's failure to appear for the December 11, 2012 hearing, but did not discuss his appearance in the courtroom shortly after the hearing to explain his absence. The circuit court dismissed petitioner's complaint because, "[given] the fact that [petitioner] was not the owner of the dog in question, [petitioner] lack[ed] standing to bring the claim for veterinary expenses for the dog or for his claim for injunctive relief." Petitioner now appeals the circuit court's December 18, 2012 order.[2]

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de*

_____

[2] Petitioner filed his notice of intent to appeal one day late. Therefore, in its February 20, 2013 scheduling order, this Court directed petitioner to state in writing good cause as to why his notice of appeal was untimely filed. On February 22, 2013, petitioner explained in writing why his notice of appeal was untimely. While respondent disputes whether petitioner's explanation constitutes good cause, this Court finds that good cause was established. Furthermore, it is a petitioner's failure to perfect his appeal, not his failure to file a timely notice of appeal, that deprives the Court of jurisdiction to hear an appeal. *See* W.Va. Code § 58-5-4; Rule 5(f), W.V.R.A.P. In the case at bar, while respondent further alleges that petitioner failed to perfect his appeal by not filing an appendix, petitioner's appendix is in the case file. The certificate of service attached to petitioner's appendix indicates that a copy of the appendix was hand delivered to respondent's counsel, along with a copy of petitioner's brief, on April 19, 2013. Accordingly, because petitioner timely perfected his appeal, the Court declines to dismiss petitioner's appeal.

*novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner asserts that respondent's notice of the December 11, 2012 hearing is insufficient because the notice gave no information as to where the hearing was to occur. Thus, petitioner argues that the circuit court erred in dismissing his complaint.

Respondent asserts that its notice of the December 11, 2012 hearing is sufficient. Thus, once petitioner failed to appear, respondent argues that the circuit court properly proceeded with the hearing. Respondent states that petitioner addresses the facts of his case even though his sole assignment of error relates to whether he received proper notice and an opportunity to be heard. If the facts are considered, respondent avers that petitioner's complaint did not sufficiently allege that he was the owner of the diseased dog. Therefore, respondent argues that the circuit court properly dismissed petitioner's complaint.[3]

Although the circuit court addressed the merits of the case in granting respondent a dismissal, instead of basing the dismissal on petitioner's failure to appear, petitioner's absence from the December 11, 2012 hearing was significant because a motion to dismiss is disfavored. As an initial matter, "the complaint must be construed in the light most favorable to the plaintiff, and its allegations should be considered as true." *McGinnis v. Cayton*, 173 W.Va. 102, 104, 312 S.E.2d 765, 768 (1984). In the case at bar, petitioner's complaint alleged that he paid for the dog's adoption and that if petitioner did not pay to have the dog's Parvo treated, he was faced with losing both "the purchase price" and "the purchase," which could be reasonably construed to mean the animal. Furthermore, "[t]he plaintiff's burden in resisting a motion to dismiss . . . is a light one." *See McGinnis*, 173 W.Va. at 104, 312 S.E.2d at 768. Petitioner clearly disputes the circuit court's finding that he was not the owner of the dog, and if he had been present at the December 11, 2012 hearing, petitioner could have also responded to respondent's arguments that he did not have standing to bring his claims.

Petitioner's case is analogous to *Kailie v. Barlow,* No. 101284, 2011 WL 8183121 (W.Va. Supreme Court, November 10, 2011) (memorandum decision), wherein this Court reversed a dismissal because of a pro se party's failure to appear. The reversal was based on the fact that the *pro se* litigant, who had to travel long distances to appear for court, had notified the court within thirty minutes that he was caught in traffic. Similarly, in the instant case, petitioner did not know the location of the December 11, 2012 hearing, but appeared in the courtroom shortly after the hearing's conclusion to explain his absence. Accordingly, after careful consideration, this Court concludes that the circuit court erred in dismissing petitioner's complaint without providing him with an opportunity to be heard on respondent's motion to dismiss.

For the foregoing reasons, we reverse the circuit court's December 18, 2012 order and

---

[3] *See Fredeking v. Tyler*, 224 W.Va. 1, 5, 680 S.E.2d 16, 20 (2009) (it was plaintiff's burden to prove she was the owner of the property).

remand this case for a new hearing on respondent's motion to dismiss once proper notice of the hearing's date, time, and location has been given.

Reversed and Remanded.

**ISSUED:**    November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II