STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Anita D. Fouts,**
**Defendant Below, Petitioner**

**vs)  No. 15-0363** (Harrison County 13-C-265)

**Denny L. Stout and Terry J. Stout,**
**Plaintiffs Below, Respondent**

**FILED**

**February 26, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Anita D. Fouts, by counsel Michael D. Crim and Richard R. Marsh, appeals the March 26, 2015, order of the Circuit Court of Harrison County that denied her motion for judgment as a matter of law, or in the alternative, motion for new trial. Respondents Denny L. Stout and Terry J. Stout, by counsel Charles G. Johnson, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are the children of Jenevieve and Hubert Stout. In 1980 Jenevieve and Hubert Stout acquired title to a 276- acre tract. In November of 2003, Hubert and Jenevieve executed reciprocal wills. The will of Hubert Stout bequeathed some personal property and the marital home to Denny Stout, the oil and gas to Anita Fouts, and the residue to the three children equally.

Respondents Denny Stout and Terry Stout lived in the Harrison County area near their parents, while petitioner worked and lived in Ridgewood, West Virginia until 2007, when she lost her job. Petitioner then returned to live in Harrison County, and her mother died in September 2007.  Immediately following her mother's death, petitioner moved in with her father. The will of Jenevieve Stout was entered into probate on October 3, 2007.

Following the death of Jenevieve, the relationship between Respondent Terry Stout and Hubert Stout deteriorated rapidly. At the time petitioner returned to live with her father, her brother, Respondent Terry Stout, and his son, Ben Stout, assumed a large role in the day to day operations of their father's farm. First, a heated argument occurred between Ben and Hubert Stout, regarding allegations of improper care of the farm equipment. In late spring 2008, Respondent Terry Stout testified that Hubert Stout accused him of not taking care of all of the animals. Respondent Terry Stout contends that Hubert told him that the accusations came from

1

his sister, Petitioner Anita Fouts. As a result of both arguments, Respondent Terry Stout and his son stopped working on the family farm, and Respondent Terry Stout became estranged from his father.

Respondent Denny Stout worked the farm until he was medically forced to retire due to a heart condition. Evidence at trial suggested that petitioner and her father doubted Denny's medical condition. Denny stayed in touch with his father until his death. Hubert Stout died March 20, 2013.

Petitioner submitted her father's will to probate on or about April 5, 2013. The appraisal of the estate listed $150,539.00 of personal property; a WesBanco checking account containing $81,296.61; Wes Banco Certificates of Deposit in the amount of $43,345.80, $95,213.72 and $67,854.90. The probated will of Hubert Stout specifically bequeathed the three certificates of deposit to petitioner. The checking account was to be divided between petitioner and Respondent Denny Stout, each receiving $40,148.30, resulting in a total cash benefit to petitioner of almost $250,000. Petitioner was also left all of the property lying north of the public highway, while Denny and Terry were given the property south of the road, excluding the marital home which was given to Denny. At trial, Terry Stout, Denny Stout and Ben Stout testified that the land they received was much poorer quality than the property received by Anita; although petitioner countered that the acreage received by Denny and Terry was not out of proportion to the acreage received by petitioner.

The new will was prepared by petitioner, who claims she prepared it at her father's request in January 2009. Petitioner took her father to the Harrison County Assessor's Office, and spoke two to Assessors who agreed to witness the will. Petitioner testified that her father did not want her to use an attorney to prepare the will. Terry Stout testified that his parents carefully considered the previous will, for approximately three or four years before the same.

Respondents filed a petition to set aside the 2009 will on the grounds of undue influence. On October 23, 2014, the circuit Court of Harrison County held a trial on the matter and the jury found in favor of respondents. Petitioner filed a Renewed Motion for Judgment as a Matter of Law, or in the alternative, Motion for New Trial, to which respondents replied. The circuit court denied that motion on March 26, 2015. Petitioner appeals that order, and the jury verdict which set aside the second will on the grounds of undue influence.

Petitioner's essential claim is that there was insufficient evidence to sustain the jury's verdict. "This Court appl[ies] a *de novo* standard of review to the grant or denial of a pre-verdict or post-verdict motion for judgment as a matter of law." *Norfolk S. Ry. Co. v. Higginbotham*, 228 W.Va. 522, 526, 721 S.E.2d 541, 545 (2011). With regard to an insufficient evidence claim, this Court held,

> "[i]n determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the

prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved." Syllabus Point 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983).

Syl. Pt. 3, *Fredeking v. Tyler*, 224 W.Va. 1, 680 S.E.2d 16 (2009). Further, "[w]hen a case involving conflicting testimony and circumstances has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless plainly contrary to the weight of the evidence or without sufficient evidence to support it." Syl. Pt. 4, *Laslo v. Griffith*, 143 W.Va. 469, 102 S.E.2d 894 (1958). With these standards in mind, we turn to petitioner's argument.

Petitioner first argues that the evidence presented at trial was insufficient to sustain the jury verdict, when viewed in the light most favorable to the plaintiffs. In support of this position, petitioner cites five "facts". First, petitioner complains that respondents presented no evidence that the will was not Hubert Stout's creation. Second, petitioner asserts that the witnesses to the will provided no testimony that Hubert Stout was unwilling or pressured to sign the will. Third, petitioner contends that the changes in the 2009 will were due to a change in the family dynamic. Fourth, petitioner argues that the other witnesses called by respondents did not present any evidence of undue influence by petitioner, and fifth, petitioner asserts that the witnesses called by petitioner support the lack of isolation of Hubert Stout, and petitioner's conclusion that respondents caused the change in the family dynamic, which led to the amendment of the will.

In response, the respondents argue that there was sufficient evidence to establish that the second will was not Hubert Stout's own creation. The will drastically changed the bequest to respondents, and the land bequeathed to respondents was of poorer quality than the land bequeathed to petitioner. Respondents point to petitioner's admission that she "drafted" the will, and found two witnesses, with whom petitioner was personally familiar, to witness the will. Respondents also note that petitioner admitted that she may have had a hand in the breakdown of the relationship between Respondent Terry Stout and petitioner's father, and that based on the evidence presented at trial the jury found that petitioner had a hand in the breakdown of the relationship between respondents and her father.

We agree with respondents, and find that there is ample evidence to support the jury's verdict, and that the circuit court did not err in denying petitioner's motion for judgment notwithstanding the verdict.

"In reviewing a trial court's ruling on a motion for a judgment notwithstanding the verdict, it is not the task of the appellate court reviewing facts to determine how it would have ruled on the evidence presented. Its task is to determine whether the evidence was such that a reasonable trier of fact might have reached the decision below. Thus, in ruling on a motion for a judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the nonmoving party. If on review, the evidence is shown to be legally insufficient to sustain the verdict, it is the obligation of this Court to reverse the circuit court and to order judgment for the appellant." Syllabus Point

3

1, *Mildred L.M. v. John O.F.*, 192 W.Va. 345, 452 S.E.2d 436 (1994).

Syl. Pt. 1, *Barefoot v. Sundale Nursing Home*, 193 W.Va. 475, 457 S.E.2d 152 (1995). The evidence supports respondents' contention that Jenevieve and Hubert Stout purposefully and methodically considered their original will and that father's new will significantly reduced the inheritance of respondents. There is also evidence that petitioner interfered in the relationship between Hubert Stout and respondents, and that she openly questioned whether Respondent Denny Stout was actually disabled, implying to Hubert Stout that he purposely chose not to help with the family farm. While Hubert Stout was within his rights to change his will, based upon the evidence regarding the change in family dynamic, as well as the substantive changes to the will, we find that the jury verdict is not unreasonable, when the evidence is viewed in the light most favorable to respondents.[1]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 26, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[1]Petitioner also claims that a finding of undue influence is improper, as respondents' case is based solely on circumstantial evidence, and that pursuant to *Ritz v. Ball*, 219 W.Va. 189, 192, 79 S.E.2d 123, 126 (1953) and *Lawyer Disciplinary Bd. v. Ball*, 219 W.Va. 296, 633 S.E.2d 241 (2006), there is sufficient evidence to support a theory other than undue influence, and therefore the jury verdict is invalid. We disagree that respondents' case was only based upon circumstantial evidence. The parties presented direct evidence that petitioner interfered with the relationship between Hubert Stout and petitioner, and petitioner admitted at trial, that she may have contributed to the breakdown in the relationship between Respondents Denny Stout and Hubert Stout. Accordingly, we find this argument lacks merit.