686 S.E.2d 1

Gregory J. MUTO, by his Administrator and Next Friend, Linda MUTO, and Linda Muto, his Widow, Plaintiff Below, Appellant,

v.

Larry SCOTT, Individually, Larry Scott Ltd. Co., and Larado Construction Sales, LLC, Defendants Below, Appellees.

No. 33506.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 23, 2008.

Decided June 26, 2008.

Julie Gower Romain, Esq., Fairmont, WV, for Appellant.

Michael D. Lorensen, Esq. Bowles Rice McDavid Graff & Love, Martinsburg, WV, for Appellees.

MAYNARD, Chief Justice.

In this appeal, the appellant and plaintiff below, Linda Muto, appeals the January 16, 2007, order of the Circuit Court of Grant County that dismissed her amended complaint against the appellees and defendants below, Larry Scott, individually, Larry Scott Ltd. Co., and Larado Construction Sales, LLC, after finding that the appellant's amended complaint did not relate back to her original complaint. As a result, the circuit court found that the amended complaint was untimely. After careful consideration of the arguments of the parties, we conclude that under Rule 15(c)(3) of the West Virginia Rules of Civil Procedure, the amended complaint relates back to the date the original complaint was filed which was a date within the two-year statute of limitations. Therefore, we reverse the circuit court's dismissal of the amended complaint and remand the case for further proceedings.

## I.

## FACTS

A thumbnail sketch of the pertinent facts are as follows. On July 4, 2004, Gregory Muto and his wife, appellant Linda Muto, were staying at a cabin at Smoke Hole Cabins in Grant County, West Virginia. At that time, Smoke Hole Cabins was undergoing renovation, and a ditch or canal, more than six feet deep and a hundred yards long, was located on the premises. That night, while walking to another cabin to visit friends, Mr. Muto fell into this ditch and sustained injuries. Mr. Muto has since died.[1]

On February 20, 2006, the appellant filed a claim for negligence against Smoke Hole Cabins. Subsequently, on June 28, 2006, the appellant filed a claim for negligence against "John Doe Contractors, Architects, Consultants, Designers and Engineers for concrete work, construction, design, installation, excavation, and other aspects of building and construction." The appellant's original "John Doe" complaint was filed within the two-year statute of limitations which ended on July 4, 2006.[2]

On September 28, 2006, the appellant filed an amended complaint in which she named Larry Scott, L. Scott Ltd. Co., and Larado Construction Sales, LLC., the appellees herein, as defendants. The appellees were served with the amended complaint on October 3, 2006,[3] which was within the 120–day period set by Rule 4(k) of the West Virginia Rules of Civil Procedure.[4] The appellees thereafter moved to dismiss the case against them contending that the amended complaint was not filed within the statute of limitations and does not meet the requirements for relating back to the original complaint.

After a hearing on the matter, the circuit court entered its January 16, 2007, order in which it found that the appellant's amended

---

1. Apparently, Mr. Muto's death was not caused by injuries sustained in the fall at Smoke Hole Cabins.

2. The two-year statute of limitations is found in W. Va.Code § 55–2–12 (1959).

3. It appears from the record below that Donna Scott, the wife of Larry Scott, received service of a copy of the amended complaint on October 3, 2006. Larry Scott received service on behalf of L. Scott Ltd. Co. on October 6, 2006, and on behalf of Larado Construction Sales LLC on October 12, 2006. All of these dates are within 120 days of the filing of the original complaint.

4. According to West Virginia Rule of Civil Procedure 4(k),

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effective within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

complaint against the appellees does not relate back to her "John Doe" complaint. The appellant now appeals.

## II.

## STANDARD OF REVIEW

■ This Court has held that "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995). Further, we construe factual allegations in the light most favorable to the plaintiff. *Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. at 776 n. 7, 461 S.E.2d at 522 n. 7. Finally, we are asked herein to interpret Rule 15(c) of the West Virginia Rules of Civil Procedure. "An interpretation of the *West Virginia Rules of Civil Procedure* presents a question of law subject to a *de novo* review." Syllabus Point 4, *Keesecker v. Bird,* 200 W.Va. 667, 490 S.E.2d 754 (1997).

## III.

## DISCUSSION

The sole issue in this case is whether the appellant's complaint naming the appellees as defendants relates back to her "John Doe" complaint. If the amended complaint relates back, the amended complaint is timely. Conversely, if the amended complaint does not relate back, it is not timely and dismissal below was proper.

■ The instant question is governed by Rule 15(c) of the West Virginia Rules of Civil Procedure. According to this rule, in pertinent part:

An amendment of a pleading relates back to the date of the original pleading when: .... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, within the period provided by Rule 4(k) for service of the summons and complaint, the party to be brought in by

amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have brought against the party.

This Court construed this rule in our seminal case of *Brooks v. Isinghood,* 213 W.Va. 675, 584 S.E.2d 531 (2003). In Syllabus Point 4 of *Brooks,* we held:

Under Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure* [1998], an amendment to a complaint changing a defendant or the naming of a defendant will relate back to the date the plaintiff filed the original complaint if: (1) the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence as that asserted in the original complaint; (2) the defendant named in the amended complaint received notice of the filing of the original complaint and is not prejudiced in maintaining a defense by the delay in being named; (3) the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and (4) notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for commencing an action and service of process of the original complaint.

We further held that,

Under the 1998 amendments to Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure,* before a plaintiff may amend a complaint to add a new defendant, it must be established that the newly-added defendant (1) received notice of the original action and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the newly-added defendant, prior to the running of the statute of limitation or within the period prescribed for service of the summons and complaint, whichever is greater. To the extent that the Syllabus of *Maxwell v. Eastern Associated Coal Corp.,* 183 W.Va.

70, 394 S.E.2d 54 (1990) conflicts with this holding, it is hereby modified.

Syllabus Point 9, *Brooks*.

In its January 16, 2007, order, the circuit court analyzed the propriety of relating the appellant's amended complaint back to her original complaint according to the four factors set forth in *Brooks*. The circuit court based its determination that the amended complaint does not relate back to the original complaint primarily on the absence of factor (3)—that the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake. Specifically the circuit court concluded that "a 'John Doe' complaint is not truly a mistake on the Plaintiff's part." The circuit court reasoned,

> This is not a case where the Plaintiff originally named a defendant which she later learned was not the true party and therefore had to amend her complaint. The Plaintiff filed her claim against "John Doe" knowing that he was not the correct defendant because the Plaintiff did not know the true defendant's identity. The Plaintiff strategically chose to file a complaint against "John Doe" because she had not yet discovered Defendants' identities.

\* \* \*

In the present case, the Plaintiff had two years to discover Defendants' true identities. The Plaintiff has presented no evidence that Defendants engaged in any nefarious or deceitful behavior to hide their identities from the Plaintiff. The Plaintiff's necessity to file a "John Doe" complaint did not stem from any actions of Defendants. Therefore, the Plaintiff's amended complaint cannot relate back to the original complaint's filing date because Defendants did not know, and could not have known, that they should have been named as Defendants in the original complaint.

In addressing the issue in this case, we believe it is significant that Rule 15 should be construed liberally to promote the ends of justice. Rule 15(a) states that leave to amend a complaint should be "freely given when justice so requires." We have previously explained that,

> "The purpose of this policy statement is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments." Franklin D. Cleckley, *et al., Litigation Handbook on West Virginia Rules of Civil Procedure* § 15(a) at 334 [Juris Publishing, 2002]. *See also,* Syllabus Point 3, *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973). "The goal behind Rule 15, as with all the Rules of Civil Procedure, is to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." *Doyle v. Frost,* 49 S.W.3d 853, 856 (Tenn. 2001) (citations omitted). *See also, Perdue v. S.J. Groves & Sons, Co.,* 152 W.Va. 222, 161 S.E.2d 250 (1968) (recognizing liberality to amend pleadings existed prior to the adoption of the *West Virginia Rules of Civil Procedure* ).

*Brooks,* 213 W.Va. at 684, 584 S.E.2d at 540 (footnote omitted). Further, we held in Syllabus Point 3 of *Rosier v. Garron, Inc.,* 156 W.Va. 861, 199 S.E.2d 50 (1973):

> The purpose of the words "and leave [to amend] shall be freely given when justice so requires" in Rule 15(a) W.Va. R. Civ. P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue.

Finally, we have made clear that "[p]rejudice to the adverse party is the paramount consideration in motions to amend. Absent a showing of prejudice to an adverse party motions to amend should be granted." *State ex rel. Bd. of Ed., etc. v. Spillers,* 164 W.Va. 453, 455, 259 S.E.2d 417, 419 (1979) (citations omitted).

356

After considering the circuit court's reasoning, the arguments of the parties, and the purpose of Rule 15, we conclude that the appellant's inability to discover the identities of the appellees prior to the running of the statute of limitations constitutes a "mistake" under the facts of this case. First, all of the requirements of Rule 15(c) for relation back of a pleading are otherwise met. It is undisputed that the appellant's claim in her amended complaint arose out of the conduct set forth in her original complaint pursuant to Rule 15(c)(2). Also, we find that the appellees received notice of the institution of the original complaint within the 120–day period for service of the original complaint under Rule 4(k) so that the appellees would not be prejudiced in maintaining a defense on the merits. The original complaint was filed on June 28, 2006, which means that the appellant had until October 28, 2006, to serve the original complaint on the appellees. The record indicates that the appellant filed her amended complaint on September 28, 2006. This amended complaint informed the appellees that,

> This action was previously filed by Plaintiffs on June 28, 2006 and identifying Larry Scott, Individually, L. Scott Ltd. Co., and Larado Construction Sales LLC. as John Doe defendants. Plaintiffs now amend their Complaint for identification of Larry Scott, Individually, L. Scott Ltd. Co., and Larado Construction Sales LLC as members of the John Doe Defendants previously named.

The record further indicates that the appellees received service of the summons and amended complaint on October 3, 2006. Under our law,

> While Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure* [1998] requires that a party to be brought in by amendment receive notice of the institution of the original action, the form of the notice may be either formal or informal, and does not require service of the original complaint or summons upon the party affected by the amendment.

Syllabus Point 6, *Brooks*. Thus, when the appellees received service of the amended complaint, they also received notice of the institution of the original complaint. Moreover, this notice occurred within the 120–day period so that the appellees were not prejudiced in maintaining a defense on the merits. Finally, the appellees, upon receiving notice of the filing of the original action on October 3, 2006, knew or should have known that, but for the appellant's inability to determine their identity earlier, the original action would have been brought against the appellees.

Second, as indicated above, prejudice to the adverse party is the paramount consideration in motions to amend. Under the instant facts, the appellees were not prejudiced by the appellant's inability to identify them in her original complaint. As noted previously, if the appellant had properly identified the appellees in the original complaint, the appellant had 120 days, or until October 28, 2006, to serve the original complaint on the appellees. Because the appellees received notice of the original complaint well before October 28, we fail to see how they could be prejudiced by the failure to name them in the original complaint.

Third, we find from the record before us that the appellant's failure to name the appellees in her original complaint was not a deliberate strategy and it did not arise from the appellant's dilatory conduct. The appellant's counsel explained at the hearing below that the owner of Smoke Hole Cabins initially informed her that he performed the construction on the ditch himself. She further indicated that it was not until she received discovery responses from Smoke Hole Cabins on August 20, 2006, that the appellees were identified. At that point, she immediately amended the complaint to identify the appellees. Also, in her brief to this Court, the appellant avers that no building permits or environmental permits regarding directing ground water into a stream were ever obtained or issued which would have created a public record identifying the appellees. Thus, construing the factual allegations in the light most favorable to the appellant, we conclude that the appellant's filing of a "John Doe" complaint was not a deliberate strategy or due to the appellant's dilatory conduct.

Finally, we believe that construing the term "mistake" in Rule 15(c)(3)(B) to include circumstances where a "John Doe" complaint is filed due to failure to identify the proper defendants is consistent with our prior expansive construction of Rule 15(c). For example, in *Brooks* this Court confronted the issue of whether "a mistake concerning the identity of the proper party" is limited to the common situation where the wrong party is named or whether it can also include mistakes of law. This Court held in Syllabus Point 7:

> Under Rule 15(c)(3)(B) of the *West Virginia Rules of Civil Procedure* [1998], a "mistake concerning the identity of the proper party" can include a mistake by a plaintiff of either law or fact, so long as the plaintiff's mistake resulted in a failure to identify, and assert a claim against, the proper defendant. A court considering whether a mistake has occurred should focus on whether the failure to include the proper defendant was an error and not a deliberate strategy.

The appellees assert that the appellant's failure to identify them in her original complaint does not constitute a "mistake" under Rule 15(c)(3)(B). According to the appellees, the great majority of federal courts that have examined this issue have concluded that lack of knowledge of the true identity of a party does not qualify as a "mistake" under Rule 15(c)(3), so that an amended complaint which substitutes the proper defendants for a "John Doe" defendant does not relate back on the grounds of mistake.

While we recognize the position taken by the majority of federal courts, we are not persuaded to adopt this position in this instance.[5]

We have previously noted that we give substantial weight to federal cases in determining the meaning and scope of our rules. This does not mean that our legal analysis in this area should amount to

nothing more that Pavlovian responses to federal decisional law. Rather, a federal case interpreting a federal counterpart to a West Virginia rule of procedure may be persuasive, but it is not binding or controlling.

*Brooks*, 213 W.Va. at 682, 584 S.E.2d at 538 (citations, quotations, and parentheticals omitted). In circumstances like the instant case in which a plaintiff, through no fault of her own, is unable to identify the defendants prior to the expiration of the statute of limitations, and where the remaining requirements of Rule 15(c) are met, this Court believes that both justice and common sense require that a plaintiff's lack of knowledge should constitute a "mistake" under Rule 15(c)(3)(B). Such a finding is wholly consistent with a liberal reading of Rule 15(c) in order to promote the adjudication of cases on their merits.

Accordingly, we now hold that under Rule 15(c)(3)(B) of the West Virginia Rules of Civil Procedure, a "mistake concerning the identity of the proper party" may include the circumstance where the original complaint names a "John Doe" defendant due to the plaintiff's lack of knowledge of the proper defendant where the filing of the "John Doe" complaint is not part of a deliberate strategy in order to achieve an advantage and the plaintiff's lack of knowledge is not due to the plaintiff's dilatory conduct in identifying the proper defendant prior to the expiration of the applicable statute of limitations.

## IV.

## CONCLUSION

In light of our holding above and our finding that the appellant's amended complaint relates back to her original complaint under Rule 15(c)(3), we reverse the January 16, 2007, order of the Circuit Court of Grant County that dismissed the appellant's com-

---

5. One commentator has noted that "[a]lthough some courts and commentators suggest that the [Rule 15(c)(3)(B)] as written encompasses Doe or similar situations, the majority of [federal] circuits to consider this question have held that the Rule does not extend relation back to such circumstances." Rebecca S. Engrav, "Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rule of Civil Procedure 15(c)." 89 Cal. L. Rev. 1549, 1554 (2001) (footnotes omitted).

plaint as untimely, and we remand for further proceedings consistent with this opinion.

Reversed and remanded.