# Court of Appeals
# of the State of Georgia

ATLANTA,  January 24, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0802.  ERROL MARCELLUS WINDHAM v. THE STATE.**

In 2012, this Court reversed Errol Marcellus Windham's conviction for armed robbery because of the improper admission of hearsay evidence. *Windhom v. State*, 315 Ga. App. 855 (729 SE2d 25) (2012).[1]  Windham was then re-tried and convicted of armed robbery and sentenced to 20 years' imprisonment.  In March 2014, this Court affirmed his conviction and sentence on appeal. *Windhom v. State*, 326 Ga. App. 212 (756 SE2d 296) (2014).  In September 2016, Windhom filed a motion to correct a void sentence, arguing that the indictment was not returned in open court, failed to properly allege venue, and was constructively amended, and that the trial court lacked personal jurisdiction over him because his arrest warrant did not establish probable cause.  The trial court denied the motion, and Windhom appeals. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a sentencing court only has the power to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later.  However, a sentencing court has jurisdiction to modify a sentence beyond this statutory limit if the sentence is void.  See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  A direct appeal may lie from an order denying a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d

---

[1]  In his prior appeals, appellant's name was spelled "Windhom," but in the instant appellate record his name is spelled "Windham."

786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, supra at 670.

Here, Windham's sentence fell within the statutory range of punishment. See OCGA § 16-8-41 (b) (providing that the maximum term of imprisonment for armed robbery is life). Further, Windham's claims regarding the indictment and his arrest warrant are challenges to his conviction, not his sentence, and do not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). Finally, to the extent that Windham's motion could be construed as seeking to vacate or modify his conviction, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," see *Harper*, supra at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  *01/24/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


                                        *, Clerk.*