# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joyce Pumphrey,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0884** (Harrison County 18-C-109)

**Mackenzie R. Thorne,**
**Defendant Below, Respondent**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joyce Pumphrey, by counsel David C. Fuellhart, appeals the Circuit Court of Harrison County's August 30, 2019, order dismissing petitioner's civil action. Respondent Mackenzie R. Thorne, by counsel Andrew F. Workman, filed a response. On appeal, petitioner argues that the circuit court erred in finding that her claims were barred by the statute of limitations.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2018, petitioner filed a complaint against Randall and Sheilah Crihfield, the owners of a vehicle involved in a collision with petitioner that occurred in April of 2016.[1] In addition to the Crihfields, petitioner named a "Jane Doe" defendant for the unknown driver of the vehicle. In July of 2018, petitioner filed an amended complaint replacing "Jane Doe" with respondent Mackenzie R. Thorne as a defendant, claiming that she was the driver of the other vehicle involved in the April of 2016 collision with petitioner. However, by October of 2018, respondent filed a motion to dismiss arguing that petitioner's amended complaint was not filed within the two-year statute of limitations. Respondent filed a supplemental motion to dismiss on December 3, 2018, which contained information from petitioner's deposition.

The circuit court held a hearing upon respondent's motion to dismiss in December of 2018.

---

[1] The original style of this appeal included Randall and Sheilah Crihfield as party respondents. However, this Court dismissed the Crihfields as parties by order entered on August 27, 2020.

In ruling on the motion, the circuit court found that while petitioner's original complaint was filed within the statute of limitations, her amended complaint adding respondent as a defendant was filed outside of the statute of limitations, and, therefore, would be barred unless the amendment related back to the filing of the original complaint.[2] The circuit court noted that, during her deposition, petitioner admitted to (1) remembering that respondent's first name was Mackenzie because the parties exchanged information at the site of the collision and (2) giving a statement to law enforcement for the vehicle crash report. She further stated that her boyfriend warned her several times to obtain the vehicle crash report. The circuit court went on to find that petitioner's failure to name respondent in the original complaint was not a "'mistake' as contemplated by Rule 15 of the West Virginia Rules of Civil Procedure." This was based upon the fact that the evidence showed that petitioner was dilatory in obtaining the vehicle crash report, which she knew contained respondent's identifying information. Therefore, according to the circuit court, petitioner's lack of knowledge of respondent's identity was not due to "mistake" but rather her own "dilatory conduct." As petitioner's complaint against respondent did not relate back to the filing of the timely original complaint, the circuit court concluded that her claims against respondent were barred by the statute of limitations. The circuit court granted respondent's motion to dismiss by order entered on May 8, 2019 However, it is from the circuit court's August 30, 2019, order that petitioner appeals.[3]

We have established the following standard of review:

"In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and

---

[2]Rule 15(c) of the West Virginia Rules of Civil Procedure, Relation Back of Amendments provides that

[a]n amendment of a pleading relates back to the date of the original pleading when:
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, within the period provided by Rule 4(k) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have brought against the party.

(Emphasis added).

[3]The final order on appeal granted summary judgment to Randall and Sheilah Crihfield, the remaining defendants below.

2

the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syl. Pt. 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

On appeal, petitioner's sole assignment of error alleges that the circuit court erred in granting respondent's motion to dismiss by finding that petitioner's claims against respondent were barred by the statute of limitations. According to petitioner, her claims against respondent related back to the filing of the original complaint due to mistake in identifying respondent as a defendant below. Petitioner contends that she is a lay person and did not realize the need to obtain the vehicle crash report. She further contends that her work schedule did not allow her time to obtain the report. We find that petitioner is entitled to no relief and agree with the circuit court's findings.

> "Under Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure* [1998], an amendment to a complaint changing a defendant or the naming of a defendant will relate back to the date the plaintiff filed the original complaint if: (1) the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence as that asserted in the original complaint; (2) the defendant named in the amended complaint received notice of the filing of the original complaint and is not prejudiced in maintaining a defense by the delay in being named; (3) the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and (4) notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for commencing an action and service of process of the original complaint." Syllabus Point 4, *Brooks v. Isinghood,* 213 W.Va. 675, 584 S.E.2d 531 (2003).

Syl. Pt. 1, *Muto ex rel. Muto v. Scott*, 224 W. Va. 350, 686 S.E.2d 1 (2008).

> Under Rule 15(c)(3)(B) of the West Virginia Rules of Civil Procedure, a "mistake concerning the identity of the proper party" may include the circumstance where the complaint names a "John Doe" defendant due to the plaintiff's lack of knowledge of the proper defendant where the filing of the "John Doe" complaint is not part of a deliberate strategy to achieve an advantage and the *plaintiff's lack of knowledge is not due to the plaintiff's dilatory conduct in identifying the proper defendant prior to the expiration of the applicable statute of limitations.*

*Id*. at 686 S.E.2d at syl. pt. 6 (emphasis added).

The only issue on appeal is whether petitioner's failure to timely name respondent as a defendant was due to mistake as all other requirements of Syllabus Point One of *Muto* were seemingly met. According to the record, petitioner's alleged injuries occurred as a result of a vehicle collision with respondent in April of 2016. At the collision site, petitioner and respondent exchanged insurance and contact information and gave statements to law enforcement. Most importantly, law enforcement produced a vehicle crash report, which contained all pertinent

3

information, including the full name, identity, and contact information for respondent. Since that date in April of 2016, petitioner had access to this public document and simply needed to request it. However, due to petitioner's dilatory conduct over nearly two years, she did not obtain the report prior to the running of the statute of limitations. Instead, she obtained the report three months after the running of the statute of limitations and attempted to relate the amendment naming respondent as a defendant back to the timely filing of the original complaint.

Petitioner contends that her failure to obtain the police report was due to her being a single working mother and a lay person. However, these excuses fail to explain why she did not obtain the report during the nearly two years after the date of the collision. Petitioner obtained counsel two weeks before the running of the statute of limitations yet still failed to obtain the report to aid her counsel in pursing claims against the proper parties. Petitioner fails to dispute that her lack of knowledge concerning respondent's identity at the time of the filing of the original complaint was due to her "dilatory conduct in identifying the proper defendant prior to the expiration of the applicable statute of limitations." *Id.* at 686 S.E.2d at syl. pt. 6. Petitioner relies on our holding in *Muto*, however, the facts at bar are distinguishable. In *Muto*, the defendant initially misrepresented the identity of the responsible party and later answered truthfully in discovery, which lead to the filing of the amended complaint. *Muto*, 224 W. Va. at 353, 686 S.E.2d at 4. Further, there were no other resources such as public documents available to the plaintiff to discover the identity of the proper party defendants. *Id.* at 356, 686 S.E.2d at 7. Here, petitioner knew that respondent's first name was Mackenzie and knew where to easily obtain her full name and other information— a public document, the vehicle crash report. The plaintiff in *Muto* was not dilatory in her efforts to obtain the identity of the proper party defendants, unlike petitioner here. Therefore, we find that *Muto* is distinguishable to this case and find no error with the circuit court's findings that petitioner's claims against respondent are barred by the statute of limitations.

For the foregoing reasons, we affirm the circuit court's August 30, 2019, order.

Affirmed.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison