# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2020 Term

_____

No. 19-0132

_____

**FILED**
**November 18, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SCOTT VINSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS A POLICE OFFICER WITH
THE CLARKSBURG CITY POLICE DEPARTMENT;
THE CLARKSBURG CITY POLICE DEPARTMENT; AND
OTHER JOHN DOE(S),**
Defendants Below, Petitioners

V.

**ROSA LEE BUTCHER,**
Plaintiff Below, Respondent

_____

Appeal from the Circuit Court of Harrison County
The Honorable James A. Matish, Judge
Civil Action No. 15-C-387-3

**REVERSED AND REMANDED WITH INSTRUCTIONS**

_____

Submitted:  September 16, 2020
Filed: November 18, 2020

Matthew D. Elshiaty                              Timothy V. Gentilozzi
Shannon P. Smith                                   Clarksburg, West Virginia
KAY CASTO & CHANEY PLLC              Attorney for the Respondent
Morgantown, West Virginia
Luci Wellborn
KAY CASTO & CHANEY PLLC

**Charleston, West Virginia**
**Attorneys for the Petitioners,**
**Scott Vinson and**
**The Clarksburg City Police Department**

**Todd A. Mount**                          **Jill Cranston Rice**
**Carl W. Shaffer**                          **David R. Stone**
**Shaffer & Shaffer, PLLC**          **DINSMORE & SHOHL, LLP**
**Madison, West Virginia**           **Morgantown, West Virginia**
**Attorneys for Amicus Curiae,**   **Attorneys for Amicus Curiae,**
**The Defense Trial Counsel of**    **The West Virginia**
**West Virginia**                          **Insurance Federation**

**JUSTICE JENKINS delivered the Opinion of the Court.**

# SYLLABUS BY THE COURT

1. "The appellate standard of review for an order granting or denying a renewed motion for a judgment as a matter of law after trial pursuant to Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998] is *de novo*." Syllabus point 1, *Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009).

2. "Because Title 42, U.S.C.A. § 1983 (1979) does not create substantive rights, but rather provides a remedy for pre-existing rights, all claims under this section must allege a specific violation of the constitution or 'laws' of the United States. In order to recover damages under § 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Syllabus point 4, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996).

3. A government-official defendant can be held liable only for his or her own misconduct. Therefore, to succeed on a claim of an alleged constitutional violation under United States Code title 42, section 1983, a plaintiff must prove that each government-official defendant, through that official's own individual actions, has personally and directly violated the Constitution, and that such violation caused or contributed to the plaintiff's injuries.

4. "Under the holding of *Ashcroft v. Iqbal*, [556] U.S. [662], 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), a supervising police officer may not be held liable for the wrongful actions of his or her subordinate officers in connection with an alleged civil rights violation because a supervising police officer is only liable for his or her own conduct and not that of his/her subordinates." Syllabus point 5, *Robinson v. Pack*, 223 W. Va. 828, 679 S.E.2d 660 (2009).

**Jenkins, Justice:**

The petitioners herein and defendants below, Scott Vinson, individually and in his official capacity as an officer with the Clarksburg City Police Department ("Officer Vinson"), and the Clarksburg City Police Department ("Police Department"),[1] appeal from orders entered by the Circuit Court of Harrison County in favor of the respondent herein and plaintiff below, Rosa Lee Butcher ("Ms. Butcher"), in the suit Ms. Butcher filed against the Petitioners pursuant to United States Code title 42, section 1983.[2] In the order it entered on December 18, 2017, the circuit denied the Petitioners' renewed motion for judgment as a matter of law, upholding the jury's finding of liability against the John Doe defendants, as well as the judgment rendered against the John Doe defendants in favor of Ms. Butcher. Thereafter, the circuit court, by order entered January 16, 2019, awarded costs and attorney's fees to Ms. Butcher, concluding that she had prevailed in her lawsuit against the Petitioners and the John Doe defendants.

On appeal to this Court, the Petitioners contend that the circuit court erred because a John Doe defendant cannot be held liable for damages in a section 1983 claim. Additionally, because they argue that the finding of liability and award of damages against the John Doe defendants were improper, the Petitioners assert that Ms. Butcher has not

---

[1]Collectively, Officer Vinson and the Police Department will be referred to as the "Petitioners."

[2]For the text of United States Code title 42, section 1983, see Section III.A.1., *infra*.

prevailed on her section 1983 claim, and, thus, she is not entitled to recover her costs or attorney's fees. Upon a review of the parties' briefs and arguments, the appendix record, and the pertinent authorities, we agree with the Petitioners. In summary, we conclude that in a claim filed pursuant to United States Code title 42, section 1983, a plaintiff cannot obtain a finding of liability or receive a judgment for damages against a John Doe defendant. Additionally, because Ms. Butcher did not prevail in her section 1983 action, she is not entitled to receive an award of her costs or attorney's fees. Therefore, we reverse the orders entered December 18, 2017, and January 16, 2019, by the Circuit Court of Harrison County and remand this case to the circuit court for entry of judgment as a matter of law in favor of the Petitioners and vacation of the award of costs and attorney's fees to Ms. Butcher.

# I.

## FACTS AND PROCEDURAL HISTORY

This case originated when officers from the Police Department responded to two disturbance calls outside Ms. Butcher's home on the evening of September 29, 2013. Ultimately, Officer Vinson arrested Ms. Butcher[3] and transported her to the Police Department, where reports as to her conduct at the station vary from she was barely

---

[3]Upon her arrest, Officer Vinson charged Ms. Butcher with three counts of assault, one count of obstructing a law enforcement officer, one count of disorderly conduct, one count of domestic assault, and one count of failure to provide fingerprints, which latter count arose upon Ms. Butcher's arrival at the Police Department and her lack of cooperation with the police station's intake process.

coherent because she was substantially under the influence of alcohol[4] (the Petitioners' version of the underlying events) to she had to be subdued with a taser (Ms. Butcher's version of the underlying events). Unfortunately, video evidence of Ms. Butcher's demeanor while at the police station was not preserved: the video recordings of the police station are kept for ninety days, at which time they are overwritten, but Ms. Butcher did not file a formal complaint to request an investigation of the circumstances of her arrest until approximately one year later, in September 2014, and she did not file the underlying civil action regarding this incident until two years later, in September 2015. Moreover, it does not appear that Ms. Butcher or her attorney requested the aforementioned video recordings prior to her institution of these two proceedings.

The internal investigation included a review of the Police Department's records from the night of Ms. Butcher's arrest, which indicated that no tasers were used that evening, and none of the officers who were on duty at that time[5] recalled using their taser to subdue Ms. Butcher. Ultimately, Ms. Butcher filed the underlying civil action

---

[4]Ms. Butcher's blood alcohol concentration ("BAC") on the night in question, as indicated by a test of a sample of her blood, was 0.349. Officers of the Police Department, including Officer Vinson, transported Ms. Butcher to a local hospital for blood alcohol testing and further treatment when they observed her to be incoherent in responding to questions during processing following her transport from the police station to the North Central Regional Jail.

[5]The officers who were on duty on the night of Ms. Butcher's arrest were Officer Vinson, who arrested Ms. Butcher; Officer Christopher Harris; Officer Zachary Lantz; Officer Walter Scott Williams; and Officer Chris Willis.

asserting various claims of negligence and civil rights violations under United States Code title 42, section 1983[6] against Officer Vinson, the officer who had arrested her; the City of Clarksburg ("City"); the Police Department; and various John Does, who represented the officer(s) who allegedly had used a taser to subdue her. During the course of the proceedings, the Police Department disclosed to Ms. Butcher a list of all officers who had been on duty on the night of her arrest,[7] but Ms. Butcher did not depose any of these officers who ostensibly were named as John Doe(s). Thereafter, the circuit court dismissed the Police Department from the case finding that its interests were commensurate with those of the City, and Ms. Butcher withdrew her negligence claims.

Trial then proceeded against Officer Vinson, the City, and the John Doe defendants upon the remaining claim of section 1983 civil rights violations from the alleged use of a taser to subdue Ms. Butcher while she was being held at the police station. During the course of the trial, the circuit court dismissed the City because there generally is no *respondeat superior* or vicarious liability for section 1983 claims,[8] and Ms. Butcher had not proven that the City had adopted a policy that would have subjected it to

---

[6]See Section III.A.1., *infra*, for the text of United States Code title 42, section 1983.

[7]*See* note 5, *supra*.

[8]*See*, *infra*, Section III.A.2.

section 1983 liability;[9] however, the court refused to grant judgment as a matter of law[10] to Officer Vinson and the John Doe defendants. Upon the conclusion of the parties' cases and their closing arguments, the case was submitted to the jury with a jury verdict form requesting the jury to determine whether Ms. Butcher's civil rights had been violated, and, if yes, whether Officer Vinson and/or the John Doe defendants were responsible. The jury found that the John Doe defendants had violated Ms. Butcher's civil rights and awarded her $5,000 in compensatory damages; however, the jury absolved Officer Vinson of all liability.

Following trial, the Petitioners renewed their motion for judgment as a matter of law pursuant to Rule 50(b) of the West Virginia Rules of Civil Procedure[11] arguing that the John Doe defendants were merely placeholders for named defendants, which Ms. Butcher failed to timely name, and that no judgment could be collected against them. For her part, Ms. Butcher attempted to amend her complaint during trial to name two individual

---

[9]*See* note 15, *infra.*

[10]*See* W. Va. R. Civ. P. 50(a)(1) ("If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.").

[11]*See* W. Va. R. Civ. P. 50(b) ("If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew the request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment[.]").

defendants in place of the John Doe defendants, but the Petitioners objected because those officers had not been timely served or given notice of or an opportunity to participate in the trial. By order entered December 18, 2017, the circuit court ultimately denied the Petitioners' post-trial motion based, in part, upon its belief that the City's insurance policy would provide coverage for the John Doe defendants because they had been acting in the scope of their employment at the time Ms. Butcher allegedly was tased.

Additionally, by order entered January 16, 2019, the circuit court awarded Ms. Butcher attorney's fees and costs because it found that since she had obtained a verdict against the John Doe defendants, she had prevailed on her section 1983 civil rights claim. From these adverse rulings, the Petitioners appeal to this Court.[12]

## II.

### STANDARD OF REVIEW

On appeal to this Court, the Petitioners assign error to two different orders entered by the Circuit Court of Harrison County. First, the Petitioners contend that the circuit court erred by refusing to grant their renewed motion for judgment as a matter of law pursuant to Rule 50(b) of the West Virginia Rules of Civil Procedure. Our standard of

---

[12]We wish to acknowledge the appearance of Amici Curiae, the Defense Trial Counsel of West Virginia and the West Virginia Insurance Federation, in support of the position espoused by the Petitioners herein. The Court appreciates the participation of the Amici in this appeal, and we have considered their arguments in our decision of this case.

6

review for such rulings is *de novo*: "The appellate standard of review for an order granting or denying a renewed motion for a judgment as a matter of law after trial pursuant to Rule 50(b) of the *West Virginia Rules of Civil Procedure* [1998] is *de novo*." Syl. pt. 1, *Fredeking v. Tyler*, 224 W. Va. 1, 680 S.E.2d 16 (2009).

Additionally, the Petitioners challenge the propriety of the circuit court's order awarding costs and attorney's fees to Ms. Butcher. Generally, a circuit court's decision to grant an award of attorney's fees to a prevailing party is reviewed for an abuse of discretion. *See Beto v. Stewart*, 213 W. Va. 355, 359, 582 S.E.2d 802, 806 (2003) ("The decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse."). *See also Cox v. State*, 194 W. Va. 210, 218 n.3, 460 S.E.2d 25, 33 n.3 (1995) (Cleckley, J., concurring) ("[A] circuit court necessarily abuses its discretion if it bases its ruling on an erroneous assessment of the evidence or an erroneous view of the law.").

However, as discussed in Section III.B., *infra*, here Ms. Butcher requested an award of costs and attorney's fees specifically because she had prevailed upon her section 1983 claims, and the governing statute permits such an award under these circumstances. *See generally* 42 U.S.C. § 1988(b).[13] Thus, because the circuit court's

---

[13]See Section III.B., *infra*, for the text of United States Code title 42, section 1988(b).

7

decision to award Ms. Butcher costs and attorney's fees was governed by a statute, we apply a plenary review to the circuit court's interpretation and application of such provision. To this end, we specifically have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). *Accord* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review."). In view of these standards, we proceed to consider the errors assigned by the Petitioners.

## III.

## DISCUSSION

Before this Court, the Petitioners contend that the circuit court erred in denying their renewed request for judgment as a matter of law and in awarding Ms. Butcher her costs and attorney's fees that she incurred in prosecuting her section 1983 claims against the Petitioners and the John Doe defendants. We first will consider whether the Petitioners were entitled to a ruling of judgment in their favor as the answer to this inquiry may well be dispositive of their second assignment of error in that if the Petitioners are entitled to judgment as a matter of law, Ms. Butcher will not have prevailed in her litigation so as to entitle her to an award of costs and attorney's fees as contemplated by the governing statute.

### A. *Viability of Section 1983 Claims Against John Doe Defendants*

The Petitioners first assign error to the circuit court's order entered December 18, 2017, denying their renewed request for judgment as a matter of law. In support of their argument, the Petitioners contend that a John Doe defendant cannot be held liable for an alleged violation of United States Code title 42, section 1983 because a John Doe defendant is not an actual person but merely represents an individual that has yet to be ascertained. Alternatively, the Petitioners assert that even if a John Doe defendant could be held liable in a section 1983 claim, the prevailing plaintiff has no right of recovery against the Police Department in this case because *respondeat superior* and vicarious liability do not apply to claims brought pursuant to section 1983 and the Police Department has not adopted any policies that could otherwise render it liable for the actions of the John Doe defendants in this case.

**1. John Doe defendant cannot be held liable for alleged violation of United States Code title 42, section 1983.** Ms. Butcher bases her claim for relief against Officer Vinson and the John Doe defendants on the provisions of United States Code title 42, section 1983. This federal statutory language provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or

9

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable[.]

42 U.S.C. § 1983 (eff. 1996). Ms. Butcher alleges that Officer Vinson and/or the John Doe defendants, who represent other officers who were on duty on the night of her September 2013 arrest, injured her by using excessive force, *i.e.* a taser, to subdue her following her arrest. At the conclusion of the underlying jury trial, the jury found the John Doe defendants had violated Ms. Butcher's civil rights under section 1983 and found them to be liable for her injuries; however, the jury also found that Officer Vinson was not liable for Ms. Butcher's alleged civil rights violations or resultant injuries. Therefore, the only defendants the jury found to be liable in this case are the John Doe defendants who Ms. Butcher named in the absence of her ability to identify the particular officer(s) who were responsible for causing her injuries. The circuit court upheld this finding of liability when it refused to grant the Petitioners' post-trial motion for judgment as a matter of law. We agree with the Petitioners' contention on appeal, though, that judgment should have been entered in their favor and find that the circuit court erred in ruling to the contrary.

As noted, Ms. Butcher bases her claim for relief on, and the jury found the John Doe defendants liable under, United States Code title 42, section 1983. The United States Supreme Court has recognized the criteria for such a suit to consist of the following: "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42,

48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988) (citations omitted). This Court similarly has held that,

> [b]ecause Title 42, U.S.C.A. § 1983 (1979) does not create substantive rights, but rather provides a remedy for pre-existing rights, all claims under this section must allege a specific violation of the constitution or "laws" of the United States. In order to recover damages under § 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.

Syl. pt. 4, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996).

Common to both of these definitions of the elements of a section 1983 claim is that a *person* must have committed the conduct alleged to constitute a constitutional violation. This is so because "[l]iability under § 1983 is *personal*, and *each* defendant's conduct must be independently assessed." *Binion v. City of St. Paul*, 788 F. Supp. 2d 935, 945 (D. Minn. 2011) (emphasis added; citation omitted). In other words, "a defendant's § 1983 liability must be predicated on his *direct* and *personal* involvement in the alleged violation." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018) (emphasis added). *Accord Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) ("To establish [§ 1983] liability against an individual defendant acting under color of state law, a plaintiff must show that the defendant was '*personally* involved' in [the alleged constitutional violation]." (emphasis added)); *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) ("[I]ndividual liability under § 1983 must be based on *personal* involvement in the alleged

11

constitutional violation" (emphasis added; citations omitted)); *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006) ("Liability for damages for a federal constitutional tort is personal, so *each* defendant's conduct must be independently assessed." (emphasis added; citation omitted)).  Therefore, to succeed on a claim of an alleged constitutional violation under section 1983, "a plaintiff must plead that *each* Government-official defendant, through the official's *own* individual actions, has violated the Constitution" because "*each* Government[-]official [defendant] . . . is only liable for his or her *own* misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 677, 129 S. Ct. 1937, 1948, 1949, 173 L. Ed. 2d 868 (2009) (emphasis added).  *See also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on *personal* liability and predicated upon fault.  An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." (emphasis added)).  Simply stated, "*personal* involvement of *each* defendant is a prerequisite to liability in § 1983 cases." *Jutrowski*, 904 F.3d at 291 (emphasis added; citations omitted).

By contrast, liability for a section 1983 violation does not attach where the defendant had "no affirmative part in depriving any[one] . . . of any constitutional rights," *Rizzo v. Goode*, 423 U.S. 362, 377, 96 S. Ct. 598, 607, 46 L. Ed. 2d 561 (1976), or where the defendants "merely . . . were members of a group of which some other members were guilty of abuses" under section 1983, *Anela v. City of Wildwood*, 790 F.2d 1063, 1067-68 (3d Cir. 1986) (citation omitted).  *Accord Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (finding plaintiff "could not hold an officer liable because of his membership in a

group without a showing of *individual* participation in the unlawful conduct" (emphasis added)). Thus, where, as here, a plaintiff has failed to identify the particular individual who allegedly caused the constitutional violations of which he/she complains, courts have found that the plaintiff has failed to establish a viable claim for relief under section 1983. *See, e.g.*, *Jutrowski*, 904 F.3d at 291-92; *Colbert v. City of Chicago*, 851 F.3d 649, 657-58 (7th Cir. 2017); *Howell v. Cataldi*, 464 F.2d 272, 282 (3d Cir. 1972); *Binion*, 788 F. Supp. 2d at 945-46.

Based on the foregoing authorities, we now hold that a government-official defendant can be held liable only for his or her own misconduct. Therefore, to succeed on a claim of an alleged constitutional violation under United States Code title 42, section 1983, a plaintiff must prove that each government-official defendant, through that official's own individual actions, has personally and directly violated the Constitution, and that such violation caused or contributed to the plaintiff's injuries. Applying this holding to the facts of the case before us, and in consideration of the extensive precedent giving rise to this principle of law, we conclude that Ms. Butcher has failed to establish that any of the John Doe defendants were personally and directly responsible for the conduct giving rise to her section 1983 claim. While Ms. Butcher has alleged, and the jury found, the John Doe defendants to be liable for her injuries, no *individual* has been found to be liable to Ms. Butcher. As Ms. Butcher has conceded, the John Does were named as placeholder defendants until she could ascertain which individual officer(s) had caused the constitutional violation of which she complains.

13

However, no specific officer, other than Officer Vinson, has been named as a defendant in this case, much less as a replacement for the unnamed and unidentified John Doe defendants, even after the Police Department disclosed the specific names of the on-duty officers to Ms. Butcher well before the jury trial in this case. Neither did Ms. Butcher seek to depose any of these officers to facilitate her attempts to ascertain the identity of the officer(s) responsible for her injuries. Rather, Ms. Butcher waited until the middle of the underlying jury trial to move to amend her complaint to name as defendants specific officers in place of the John Doe defendants, which amendment the circuit court refused.[14] Attempting to identify the particular defendants she alleged to be liable for the constitutional injuries she allegedly suffered and for which she sought relief pursuant to section 1983 at this late juncture did not fulfill Ms. Butcher's obligation to identify individuals who she claimed were personally and directly responsible for her injuries. Such

---

[14]We agree with this ruling of the trial court insofar as Ms. Butcher had not, at this late date, timely met the requirements for the amendment of her complaint to name specific individual officers in place of the John Doe defendants so as to provide them with due process protections of notice of the charges against them within the applicable statute of limitations period and an opportunity to be heard, which, in this case, would have included the right to participate in the jury trial as a named party defendant. *See generally* W. Va. R. Civ. P. 15 (governing amendment of complaints); Syl. pt. 2, *Muto ex rel. Muto v. Scott*, 224 W. Va. 350, 686 S.E.2d 1 (2008) ("'Under the 1998 amendments to Rule 15(c)(3) of the *West Virginia Rules of Civil Procedure,* before a plaintiff may amend a complaint to add a new defendant, it must be established that the newly-added defendant (1) received notice of the original action and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the newly-added defendant, prior to the running of the statute of limitation or within the period prescribed for service of the summons and complaint, whichever is greater. To the extent that the Syllabus of *Maxwell v. Eastern Associated Coal Corp.*[*, Inc.*]*,* 183 W. Va. 70, 394 S.E.2d 54 (1990)[,] conflicts with this holding, it is hereby modified.' Syllabus Point 9, *Brooks v. Isinghood,* 213 W. Va. 675, 584 S.E.2d 531 (2003).").

failure is clearly evidenced by the jury's finding of liability not against any identifiable persons, but only against the John Doe defendants.  Accordingly, we find that the jury's verdict in this regard cannot stand because there is no finding that any particular defendant was personally and directly responsible for the conduct giving rise to Ms. Butcher's section 1983 claim.

**2.  Employing entity cannot be held liable under *respondeat superior* or vicarious liability for alleged violation of United State Code title 42, section 1983.**  Neither can Ms. Butcher enforce her claim for section 1983 relief by seeking recovery of the judgment she obtained against the John Doe defendants from the Police Department's insurer because there is no vicarious liability or *respondeat superior* liability for an alleged violation of United States Code title 42, section 1983.  As explained in the preceding discussion, to state an actionable claim to recover for alleged constitutional violations under section 1983, a plaintiff must identify a defendant, or defendants, who is *personally* and *directly* responsible for the plaintiff's alleged injuries.  The actor, alone, is responsible for the harm caused to the plaintiff, and such liability cannot be attributed to a supervisory or employing entity because there is neither vicarious liability nor *respondeat superior* liability for alleged constitutional violations for which relief is sought pursuant to section 1983.

On this point, the United States Supreme Court has spoken clearly and succinctly: "[V]icarious liability is inapplicable to . . . § 1983 suits," *Ashcroft*, 556 U.S. at

676, 129 S. Ct. at 1948, 173 L. Ed. 2d 868, because, "[i]n a § 1983 suit[,] . . . masters do not answer for the torts of their servants," *id.* at 677, 129 S. Ct. at 1949, 173 L. Ed. 2d 868. "And § 1983 liability [also] is not available under the doctrine of *respondeat superior*." *West v. Atkins*, 487 U.S. at 54 n.12, 108 S. Ct. at 2258 n.12, 101 L. Ed. 2d 40 (citation omitted). *Accord Ashcroft*, 556 U.S. at 676, 129 S. Ct. at 1948, 173 L. Ed. 2d 868 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." (citation omitted)); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). *See also Robertson v. Sichel*, 127 U.S. 507, 515-16, 8 S. Ct. 1286, 1290, 3 L. Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances or negligences or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties." (citation omitted)).

This Court also has recognized this absence of supervisory liability for claims arising under section 1983:

> Under the holding of *Ashcroft v. Iqbal*, [556] U.S. [662], 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), a supervising police officer may not be held liable for the wrongful actions of his or her subordinate officers in connection with an alleged civil rights violation because a supervising police officer is only liable for his or her own conduct and not that of his/her subordinates.

Syl. pt. 5, *Robinson v. Pack*, 223 W. Va. 828, 679 S.E.2d 660 (2009). We, too, have succinctly observed that, "[a]s it stands today, the issue of supervisory liability in connection with an alleged civil rights violation is clear: there is none." *Id.* at 837, 679 S.E.2d at 669.[15]

In summary, then, liability for an alleged harm under section 1983 is not transferrable; rather, responsibility for alleged constitutional injuries sought to be remedied by section 1983 belongs solely to the actor(s) alleged to have committed the wrongs to be redressed. Therefore, to find, as the circuit court did, below, that the Police Department's insurance should provide coverage for the John Doe defendants since they ostensibly were

---

[15]Nevertheless, liability for a section 1983 claim may be extended in extremely narrow circumstances where the plaintiff has alleged that a supervisory entity has adopted a practice or policy that operates to infringe the constitutional rights alleged to have been violated in the section 1983 action. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978) ("[T]he language of § 1983 . . . compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). *See also Colbert v. City of Chicago*, 851 F.3d 649, 656 (7th Cir. 2017) ("To succeed on a direct claim against a municipality, [a plaintiff] must identify a policy or custom of the municipality that violates the plaintiff's constitutional rights." (internal quotations and citation omitted)); *Estate of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) ("In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." (internal quotations and citations omitted)); *Hutchison v. City of Huntington*, 198 W. Va. 139, 152, 479 S.E.2d 649, 662 (1996) ("[A]lthough the City may not be held liable for a constitutional tort under § 1983 on the theory of vicarious liability, it can be held responsible as an entity when the plaintiff's injury results from a municipal policy or custom."). However, Ms. Butcher did not claim that either the Police Department or the City of Clarksburg had such a practice or policy that had caused her alleged constitutional deprivations in the case *sub judice*.

17

acting as employees of the Police Department at the time of the misconduct for which the jury found them to be liable is simply wrong. The lower court's ruling in this regard essentially transfers responsibility for the alleged constitutional violations from the John Doe defendants to their employer through imposition of a quasi *respondeat superior* or vicarious liability even though the governing law clearly provides that such liability is not transferrable and that the responsibility for such wrongs lies exclusively with the actors committing such constitutional violations, *i.e.* the John Doe defendants, themselves. Accordingly, Ms. Butcher cannot recover her judgment against the John Doe defendants from the policy of insurance insuring the Police Department, and she has otherwise failed to prove that an individual officer, or officers, was personally and directly responsible for her alleged section 1983 injury. Thus, the circuit court erred by not granting the Petitioners' renewed motion for judgment as a matter of law; we reverse the circuit court's order in this regard; and we remand this case for entry of judgment as a matter of law in favor of the Petitioners.

### B. Award of Costs and Attorney's Fees

The Petitioners also assign error to the circuit court's order of January 16, 2019, whereby the court granted Ms. Butcher's request for an award of costs and attorney's fees incurred in her prosecution of her section 1983 action. Such an award is specifically contemplated in relation to a claim brought to enforce alleged constitutional violations pursuant to United States Code title 42, section 1983, with recovery of costs and attorney's fees by the prevailing party being permitted under the following circumstances:

> In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the *prevailing party*, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b) (eff. 2000) (emphasis added). Because the jury returned a finding of liability against the John Doe defendants and in favor of Ms. Butcher, as well as a judgment against the John Doe defendants for Ms. Butcher, the circuit court determined Ms. Butcher to be a "prevailing party" as referenced in the statutory language and granted her an award of costs and attorney's fees pursuant to section 1988(b).

However, given that we have found the jury's finding of liability against the John Doe defendants to be improper and the circuit court's subsequent upholding of that verdict to be wrong, we likewise find that Ms. Butcher has not prevailed in the prosecution of her section 1983 action and, consequently, that she is not entitled to costs or attorney's fees under section 1988(b). Moreover, even though the jury returned a judgment against the John Doe defendants in favor of Ms. Butcher, this judgment is not enforceable because the John Doe defendants, themselves, have not been proven to be personally and directly responsible for Ms. Butcher's alleged constitutional violations, and Ms. Butcher cannot seek recovery from the Police Department's insurer because there is no *respondeat superior* or vicarious liability for section 1983 claims. Absent an *enforceable* judgment, a party cannot be deemed to have *prevailed* in the prosecution of his/her suit. *See Farrar v.*

*Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566, 573, 121 L. Ed. 2d 494 (1992) ("[T]o qualify as a *prevailing* party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an *enforceable* judgment against the defendant from whom fees are sought[.]" (emphasis added; citations omitted)). Thus, Ms. Butcher is not a "prevailing party" within the contemplation of United States Code title 42, section 1988(b), and, therefore, she is not entitled to an award of costs and attorney's fees under this provision. Accordingly, we also reverse the circuit court's order granting Ms. Butcher costs and attorney's fees incurred with respect to her section 1983 action and remand this case for entry of an order vacating such award.

## IV.

## CONCLUSION

For the foregoing reasons, we reverse the December 18, 2017 order of the Circuit Court of Harrison County and remand for entry of judgment as a matter of law in favor of the Petitioners. We further reverse the Harrison County Circuit Court's January 16, 2019 order and remand for vacation of the award of costs and attorney's fees to Ms. Butcher.

Reversed and Remanded with Instructions.